JUAN BAUTISTA MONTALVO BENÍTEZ ET AL., Appellants, *v.* REGISTRAR OF PROPERTY OF AGUADILLA, Respondent.

No. 1181. Submitted February 18, 1946.—Decided March 21, 1946.

*José Veray, Jr.,* and *Héctor Reichard* for appellants.

Mr. Justice de Jesús delivered the opinion of the court.

By deed of December 30, 1927, before Notary Valentín Alvarez Olmedo, Juan Bautista Montalvo y Benítez, of age, single and a resident of San Sebastián admitted owing to Mariano R. Acosta the amount of $500 which he was bound to pay on June 30, 1928, at a monthly interest of 1 per cent. To secure this debt and an additional credit of $100 for costs, expenses, and attorney's fees in case of litigation, the debtor executed a mortgage in favor of Acosta, his creditor, on rural property No. 4001 situated in the ward of Pozas in San Sebastián. Thereafter, by deed No. 132 executed in Aguadilla on October 26, 1931, before Notary Francisco A. González Suárez, said Mariano R. Acosta and his wife extended the payment of said mortgage and the debtor bound himself to pay as follows: $250 in the month of March of 1932 and the same amount in the same month of the following year, earning interest at the monthly rate of 1 per cent from the time of extension, payable with each instalment. But in order to secure the principal sum of $500, the interest, and the aforesaid additional credit which had already been secured by the rural property in the ward of Pozas in San Sebastián above referred to, the mortgage was also extended to property No. 3468, another rural estate belonging to the debtor, Mr. Montalvo, located in the ward of Hato Arriba in San Sebastián. It was stated in the deed of extension of mortgage that the property in the ward of Pozas, which formerly secured the whole amount would only secure the principal sum of $100, interest, and the additional credit of $100; and the one situated in the ward of Hato Arriba would secure the principal amount of $400 plus interest.

When this deed of extension was presented in the registry, an error [1] was committed whereby the liabilities of each property were changed so that the one situated in the ward of Pozas, which according to the deed of extension, should secure the principal sum of $100 plus interest and the additional credit of $100, secured, according to the registry, the principal of $400 with interest; and the one situated in the ward of Hato Arriba, which according to the deed was to secure the principal sum of $400, only secured, as it appears from the registry, the principal sum of $100 plus interest and the additional credit.

After the mortgage was recorded, three parcels were segregated from the property situated in the ward of Hato Arriba, which were sold to three different persons and when the sales were recorded in the registry it was stated that since each one of the parcels was a part of the property situated in the ward of Hato Arriba, they were encumbered by the mortgage for $100 and the additional credit of $100. At this stage, Mariano R. Acosta, creditor, and his wife appeared before Notary Héctor Reichard and by deed of November 10, 1945, admitted having received from Marcelino Pérez Sánchez, owner of one of the parcels segregated, the principal sum of $100 which according to the registry was secured by the property situated in the ward of Hato Arriba. Thereupon a deed cancelling the mortgage as to said property of Hato Arriba was executed and it was therein stated that the property located in the ward of Pozas would continue to secure, according to the registry, the sum of $400 as principal plus interest.

Upon presenting this deed for record, the registrar refused cancellation of the mortgage. He based his decision in that, in his opinion, the cause or consideration for the cancellation of the mortgage consisted not only in the payment of $100, which according to the registry was secured

---

[1] This error was not committed by the present registrar.

by the property in the ward of Hato Arriba, but also in leaving in force the mortgage for $400 which encumbered the property in the ward of Pozas, as was erroneously stated in the registry. It was the opinion of the registrar that the mortgagee was thereby ratifying the error committed in the registry and that Juan Bautista Montalvo, owner of the property in the ward of Pozas, had taken no part in said ratification.

██ It is unquestionable that since it appears from the registry that the property in the ward of Hato Arriba. was encumbered by a mortgage of $100 as principal and since that lien was recorded when Marcelino Pérez Sánchez purchased his parcel of land, without the latter having any personal knowledge of the aforesaid error, when he paid the creditor the sum of $100 and the interest due, he was entitled to demand full cancellation of the mortgage executed on the property of Hato Arriba. Acosta could not, in so far as Pérez was concerned, under such circumstances, oppose the error committed in the registry neither could he, or did he, demand any further consideration as a condition for the execution of the deed of cancellation. The fact that Acosta on his own account and without the consent of Juan Bautista Montalvo should state in the deed that the property situated in the ward of Pozas was still encumbered by a mortgage of $400 could not have any legal effect or change the facts appearing from the registry. Consequently, the registrar should have considered such a statement from Acosta as mere surplusage and he should not have made any entry thereof.

For the reasons stated the decision appealed from must be reversed and the registrar ordered to record the cancellation sought.